```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


GERALD E. GONZALES,

                         Petitioner,

            v.                            CASE NO. 17-3168-SAC

WARDEN SAM CLINE¹,

                         Respondent.
```

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and paid the filing fee.[2]

### Screening

The Court is required to examine habeas corpus petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. The timeliness of a petition may be raised sua sponte by the Court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006).

### Motion for appointment of counsel

Petitioner moves for the appointment of counsel. An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). Rather, the court may appoint counsel when "the

---

[1] The Court substitutes Warden Cline as the respondent in this action.
[2] The Court will deny petitioner's motion to proceed in forma pauperis as moot.

interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(1)(2)(b).

The court has studied the petition and concludes that the appointment of counsel is not warranted. The petitioner is able to express his claims, there is no suggestion that this matter is unusually complicated, and it does not appear that an evidentiary hearing will be needed in this matter.

### The petition

The petition lists three grounds for relief: (1) that petitioner is held on a "false claim", which he supports by reference to a change in his Presentence Investigation; (2) that the State used a false police report to detain him; and (3) actual innocence.

### Timeliness of the petition

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The limitation period is tolled during the pendency of a state application for post-conviction relief that is properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

In addition, the one-year filing period may be equitably tolled in "extraordinary circumstances." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). For equitable tolling, a petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *Id*. Qualifying circumstances include "when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely fling, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

The Court has reviewed the petition and has examined the on-line records maintained by the state appellate courts[3] and finds as follows:

Petitioner's direct appeal was decided by the Kansas Supreme Court on August 12, 2011, and became final ninety days later, on November 9, 2011, upon the expiration of the time for seeking review by the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) and Sup. Ct. R. 13.1 (requiring petition for certiorari to be filed within 90 days after entry of judgment).

The limitation period began to run on November 10, 2011, and ran

---

[3] http://www.kscourts.org

until petitioner filed his state post-conviction action on August 3, 2012, tolling the limitation period. *See* 28 U.S.C. §2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") At that point, 267 days had run on the limitation period, with 98 days remaining.

The limitation period remained tolled until the Kansas Supreme Court denied review on July 21, 2015. The period began to run again on July 21, 2015, and was tolled thirteen days later, on August 4, 2015, when petitioner filed a motion to correct illegal sentence. This left 85 days remaining on the one-year period. The Kansas Court of Appeals entered its decision on February 24, 2017, and, assuming the limitation period remained tolled until the expiration of the 30-day period for petitioner to file a petition for review, it began to run again on or about March 28, 2017, and expired on or about June 20, 2017.

## Claim of Actual Innocence

In Ground 3 of the petition[4], petitioner claims that he is innocent. A claim of actual innocence gives rise to "an equitable exception to 28 U.S.C. §2244(d)(1)." *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 1931 (2013). Such a claim must be based upon factual innocence and not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner presenting a claim of

---

[4] Doc. #1, p. 15.

actual innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 636-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The standard for such a claim is demanding, and requires a petitioner to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, petitioner does not identify any new evidence in support of his claim of innocence. He claims only that a statement provided by a physician, if examined closely, will show that he is innocent (Doc. #1, p. 15). This is an inadequate showing to support equitable tolling.

### Order to Show Cause

The present petition, filed on September 22, 2017, was not filed within the one-year limitation period and is subject to dismissal unless petitioner can show that he is entitled to equitable tolling. Petitioner is directed to show cause why this matter should not be dismissed for the reasons set out herein, and to identify any ground for equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to appoint counsel (Doc. #2) is denied.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. #4) is denied as moot due to petitioner's payment of

the filing fee.

IT IS FURTHER ORDERED petitioner is granted to and including January 2, 2018, to show cause why this matter should not be dismissed due to his failure to timely file the petition.

**IT IS SO ORDERED.**

DATED:  This 1st day of December, 2017, at Topeka, Kansas.

                                              S/ Sam A. Crow  
                                              SAM A. CROW  
                                              U.S. Senior District Judge