**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GERALD E. GONZALES,**

                **Petitioner,**

     **v.**                                           **CASE NO. 17-3168-SAC**

**WARDEN SAM CLINE,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. §2254. On December 1, 2017, the Court directed petitioner to show cause why this matter should not be dismissed due to his failure to file the petition within the one-year limitation period under 28 U.S.C. 2244(d)(1). Petitioner filed a response.

**Background**

Petitioner was convicted in the District Court of Sedgwick County, Kansas. Before sentencing, he filed a motion for a new trial on the ground of ineffective assistance of counsel. The district court held an evidentiary hearing and denied the motion; petitioner's case then proceeded on direct appeal to the Kansas Supreme Court. *State v. Gonzales*, 212 P.3d 215 (Kan. 2009). The Kansas Supreme Court noted that the district court had treated the motion for new trial as a motion under K.S.A. 60-1507. It, too, treated the claims of ineffective assistance of counsel as raised under K.S.A. 60-1507 and affirmed the denial of the request for a new trial, but it remanded the matter to the state district court for resentencing.

Following resentencing, petitioner filed a sentencing appeal, which the Kansas Supreme Court affirmed in part, and dismissed in part.

*State v. Gonzales*, 257 P.3d 345 (Table), 2011 WL 3558302 (Kan. Aug. 12, 2011). The decision became final ninety days later, on November 9, 2011, when the time for seeking review in the U.S Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

The one-year limitation period began to run on November 10, 2011, and ran until petitioner filed his state post-conviction action on August 3, 2012. *See* 28 U.S.C. § 2244(d)(2)(providing statutory tolling for the time during which a properly-filed application for State post-conviction or other collateral relief is pending). At this point, 267 days had run on the one-year limitation period, and 98 days remained.

The limitation period was tolled until the Kansas Supreme Court denied review on July 21, 2015. *Gonzales v. State*, 327 P.3d 1052 (Table), 2014 WL 3289775 (Kan. App. Jul. 3, 2014), *rev. denied*, Jul. 21, 2015. The limitation period then began to run again but was tolled on August 4, 2015, by petitioner's motion to correct illegal sentence. This left 85 days remaining on the one-year limitation period.

The district court denied relief, and the Kansas Court of Appeals affirmed that decision on February 24, 2017. *State v. Gonzales*, 390 P.3d 122 (Table), 2017 WL 751360 (Kan.App. Feb. 24, 2017). The limitation period began to run again after the expiration of the time for filing an appeal and expired on or about June 20, 2017.

Petitioner commenced this action on September 22, 2017, approximately three months after the limitation period expired.

### Discussion

In his response, petitioner argues: (1) the Kansas courts erred in treating his August 2007 motion for new trial as a motion filed under K.S.A. 60-1507; (2) he has attempted to exhaust all remedies

in challenging his conviction; (3) his trial attorney failed to provide adequate assistance; (4) petitioner was required to attend trial in dirty, inappropriate clothing; (5) his sentencing attorney provided ineffective assistance of counsel; and (6) the trial judge was not impartial.

The Court has considered these claims but finds no basis to conclude that petitioner filed his habeas corpus action within the one-year limitation period under 28 U.S.C. § 2244(d)(1). Petitioner's arguments largely allege trial error and are not relevant to the question of whether he timely filed his federal petition for habeas corpus.

Likewise, while equitable tolling is available in narrow circumstances, a petitioner seeking such tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner's arguments do not meet this showing. Accordingly, the Court concludes this matter must be dismissed.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural

ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to petitioner's failure to commence this action within the limitation period.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 12th day of January, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge